UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5855 CAS (AJW) | Date | November 16, 2009 |
|---|---|---|---|
| Title | ROBERTO QUIROZ v. COUNTRYWIDE BANK, N.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Ryan Cohen |

**Proceedings:**   **MOTION TO DISMISS COMPLAINT AGAINST DEFENDANTS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR., ALTERNATIVELY, FOR SUMMARY JUDGMENT** (filed 10/15/09)

**I.   INTRODUCTION & BACKGROUND**

On August 11, 2009, plaintiff Roberto Quiroz filed the instant action against Countrywide Bank, N.A. ("Countrywide"); Bank of America, N.A. ("BofA"); and Does 1 through 10 for the following claims: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601; (3) quiet title, pursuant to C.C.P. § 761.020; and (4) declaratory relief, pursuant to 28 U.S.C. § 2201 and C.C.P. § 1060.

The instant action arises from a mortgage loan transaction on plaintiff's residence, located at 6829 Marbrisa Avenue and 2221-2225 Saturn Avenue, Huntington Park, California 90255-3798.[1]  On October 24, 2006, plaintiff obtained a mortgage loan with

---

[1] Defendants request that the Court take judicial notice of four filings with the Court: (1) the Deed of Trust on the subject property recorded on October 31, 2006 in the Los Angeles Country Recorder's Office; (2) Substitution of Trustee recorded on July 30, 2009; (3) Notice of Default and Election to Sell Under Deed of Trust recorded on April 23, 2009; (4) Notice of Trustee's Sale recorded on July 30, 2009.  Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986).  The Court GRANTS defendants' request for judicial notice of exhibits no. 1-3.  The fourth exhibit refers to a property located at 9817 South Denker Avenue, Los Angeles, California, and thus appears to not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5855 CAS (AJW) | Date | November 16, 2009 |
|---|---|---|---|
| Title | ROBERTO QUIROZ v. COUNTRYWIDE BANK, N.A.; ET AL. | | |

Countrywide. Subsequently, BofA purchased Countrywide. On April 23, 2009, a Notice of Default was recorded showing that plaintiff had failed to make the payment due on September 1, 2008, and all payments due thereafter. According to plaintiff, on July 29, 2009, a Notice of Trustee's Sale was recorded that indicated an intent to sell the property by means of a Trustee's Sale on August 19, 2009. Compl. ¶ 18.

On October 15, 2009, defendants filed the instant motion to dismiss. Plaintiff filed his opposition on November 1, 2009. Defendants filed their reply on November 9, 2009. A hearing was held on November 16, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

---

relate to the subject property of this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5855 CAS (AJW) | Date | November 16, 2009 |
|---|---|---|---|
| Title | ROBERTO QUIROZ v. COUNTRYWIDE BANK, N.A.; ET AL. | | |

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

Defendants move to dismiss plaintiff's complaint for failure to state a claim for relief, or in the alternative, for summary judgment and to expunge the Notice of Pendency of Action. Plaintiff's specific claims against defendants are considered in turn.

#### 1. Plaintiff's Truth in Lending Act Claim

Plaintiff alleges that defendants violated TILA by failing to comply with the disclosure requirements, specifically by (1) failing to provide plaintiff with "adequate notice" of the right to rescind; (2) materially understating the finance charges; (3) failing to clearly and conspicuously provide disclosures regarding the adjustable interest rate;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5855 CAS (AJW) | Date | November 16, 2009 |
|---|---|---|---|
| Title | ROBERTO QUIROZ v. COUNTRYWIDE BANK, N.A.; ET AL. | | |

and (4) failing to provide disclosures regarding his payment schedule. Compl. ¶¶ 19-80. Plaintiff seeks damages and rescission of the subject loan. Id. ¶ 80.

Defendants contend that plaintiff's TILA claim for damages is barred by the statute of limitations. Mot. at 7. The statute of limitations for a TILA damages claim is one year from the date of the alleged TILA violation. 15 U.S.C. § 1640(e). Defendant argues that plaintiff's TILA claim arose upon the consummation of the loan transaction on October 24, 2006, and that the statute of limitations on plaintiff's claim for damages expired on October 24, 2007. Mot. at 7. However, plaintiff did not file the instant action until August 11, 2009.

The Court finds that plaintiff's TILA claim for monetary damages is time barred, unless the doctrine of equitable tolling applies. See King v. Cal., 784 F.2d 910, 915 (9th Cir. 1986). The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." Id. at 914-15. District courts have discretion to evaluation specific claims of fraudulent concealment and equitable tolling and "to adjust the limitations period accordingly." Id. at 915. Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it "is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995). However, when a plaintiff does not allege any facts demonstrating that he or she could have not discovered the alleged violations by exercising due diligence, dismissal may be appropriate. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003) (dismissing TILA claim and equitable tolling of the claim because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations); Hubbard v. Fidelity Federal Bank, 91 F. 3d 75, 79 (9th Cir. 1996) (finding that plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").

Plaintiff alleges that he did not "know or have reason to know" of the said violations because throughout the underlying mortgage transaction, defendants "knowingly" and "intentionally" made "oral representations to [him] which led [him] to believe that defendants had fully complied with all applicable state and federal law."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5855 CAS (AJW) | Date | November 16, 2009 |
|---|---|---|---|
| Title | ROBERTO QUIROZ v. COUNTRYWIDE BANK, N.A.; ET AL. | | |

Compl. ¶¶ 51, 64, 77, 96. Plaintiff further alleges, that as a result, he "did not investigate defendants' conduct." Id. Defendants contend that these allegations fall short of pleading fraudulent concealment with particularity. Mot. at 10 (citing Larson v. Northrop Corp., 21 F.3d 1164, 1173 (D.C. Cir. 1994) (holding that "allegations of fraudulent concealment, which toll the statute of limitations, must be the requirements of [Fed. R. Civ. P.] 9(b))). Plaintiff responds that equitable tolling should apply in this case because it would "effectuate the congressional purpose of" TILA to protect consumers' choice through full disclosure. Opp'n at 5, 8-9. The Court finds that plaintiff has failed to plead sufficient facts to demonstrate that he could not have discovered the alleged violations by exercising due diligence, and thereby would be entitled to equitable tolling of his TILA damages claim. See Meyer, 342 F.3d at 902.

      Nevertheless, plaintiff argues that his TILA claim for damages is not time barred because section 1640(e) is inapplicable when the damages are offered as a defense to foreclosure. Opp'n at 9-10. The statute provides that the statute of limitations provision "does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action . . . ." 15 U.S.C. § 1640(e). Plaintiff contends that he faces non-judicial foreclosure by means of a Trustee's Sale, and thus, he should not be barred from seeking damages pursuant to TILA by recoupment or set-off to this foreclosure action. Opp'n at 10. Although plaintiff concedes that a "recent and breathtaking line of cases" find that a non-judicial foreclosure does not constitute an "action" under the statute, he contends that the Court should decline to follow this precedent. Id. He argues that a non-judicial foreclosure should constitute an "action" as "commonly used in the legal community" because the "ambiguous meaning of the word 'action' should compel the Court to follow the clear intent of the legislature[] to protect borrowers in foreclosure." Id. at 10-11.

      Defendants argue that the recoupment and set-off exception is inapplicable because plaintiff's claim is not a defense to an action, but rather plaintiff is seeking damages or affirmative relief. Mot. at 9; Reply at 6 ("When the debtor hales the creditor into court, as [plaintiff] has done in this case, the claim by the debtor is affirmative rather than defensive.") (quoting Williams v. Countrywide Home Loans, Inc., 504 F. Supp. 2d 176, 188 (D. Tex. 2007)). Defendants further argue that regardless of whether a non-judicial foreclosure is an action, more importantly it is not an action *to collect debt* since plaintiff will not be personally liable for the debt after the Trustee's Sale. Id. at 10; Reply at 7. For this reason, they argue that the recoupment exception is inapplicable as a matter of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5855 CAS (AJW) | Date | November 16, 2009 |
|---|---|---|---|
| Title | ROBERTO QUIROZ v. COUNTRYWIDE BANK, N.A.; ET AL. | | |

law. Id.

      The Court finds that the recoupment and set-off exception in section 1640(e) does not apply to plaintiff's affirmative use of the claim since the TILA exception permits recoupment as a defensive claim only. See Amaro v. Option One Mortgage Corp., et al., No. CV 08-1498 VAP (AJWx), 2009 U.S. Dist. LEXIS 2855, at *6-*7 (C.D. Cal. Jan. 14, 2009) (citing Beach v. Ocwen Fed. Bank, 523 U.S. 410, 415-16 (1998)). Thus, the Court concludes that dismissal of plaintiff's TILA claim for damages is appropriate.

      Plaintiff also seeks rescission of the loan transaction on the basis that defendants allegedly failed to provide him with "adequate notice" of the right to rescind and "to deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." Compl. ¶ 30. Defendants contend that this claim fails for two reasons. Mot. at 11. First, they argue that the allegation fails to provide sufficient information to determine whether TILA applied and was violated.[2] Id. According to defendants, the right to rescind does not apply to residential mortgage transactions, and based on the complaint, it is allegedly unclear whether this was a "residential mortgage transaction."[3] Id. (citing Regulation Z, 12 C.F.R. § 226.23(f)(1) which states that "[t]he right to rescind does not apply to . . . [a] residential mortgage transaction"). Second, defendants contend that plaintiff's claim for rescission should be dismissed because there is no evidence that plaintiff is willing or can afford to repay the loan principal, and the Ninth Circuit holds that rescission should be conditioned upon repayment of the loan proceeds. Id. at 12 (citing LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1976).

      Plaintiff responds that the Court, as a matter of first impression, should interpret C.F.R. § 226.23(d)(3), as not requiring him to tender the full value of the original loan

---

   [2] Moreover, defendants argue that plaintiff was the only party to enter the loan transaction, and thus it is unclear how defendants could have violated TILA by failing to provide two copies. Mot. at 11-12.

   [3] A "residential mortgage transaction" is "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained in the consumer's principal dwelling to finance the acquisition or initial construction of that dwelling." 12 C.F.R. § 226.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5855 CAS (AJW) | Date | November 16, 2009 |
|---|---|---|---|
| Title | ROBERTO QUIROZ v. COUNTRYWIDE BANK, N.A.; ET AL. | | |

proceeds because it would be impracticable and inequitable, but rather that he should only be required to tender the loan's current reasonable value.[4] Opp'n at 3-4. Plaintiff points to language in section 226.23(d)(3) which provides that "the consumer shall tender the money or property to the creditor, or where the latter would be impracticable or inequitable, tender its reasonable value." Plaintiff further responds that he has pled in his complaint that he is able to satisfy the tender requirements "provided that defendants comply with the requirements of 12 C.F.R. § 226.23(d)(2)." Id. (citing Compl. ¶ 33). Subdivision (d)(2) provides that "the creditor shall return any money or property that has been given to anyone in connection with the transaction." Plaintiff contends that the Court should not assume plaintiff's inability to make such tender. Opp'n at 4.

Defendants reply that plaintiff's interpretation of 12 C.F.R. § 226.23(d)(3) is contrary to the words of the regulation in which "reasonable value" refers to property. Reply at 3-4. Accordingly, they assert that plaintiff is required to return the money he borrowed, and not the "reasonable value of the house he purchased with the money he borrowed." Id. Defendants further argue that plaintiff concedes by omission that the right to rescind does not apply because this was a residential mortgage transaction that allowed plaintiff to purchase the property. Id. at 9.

The remedy of rescission is available for three years under TILA § 125(f), 15 U.S.C. § 1635(f), but only where a borrower is willing and able to tender the balance on the promissory note. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1173 (9th Cir. 2003)("Rescission should be conditioned on repayment of the amounts advanced by the lender."); LaGrone v. Johnson, 534 F.2d 1360, 1392 (9th Cir.1974). Although plaintiff pled in his complaint that he intends to comply with the tender requirement of section 226.23(d)(3), it is unclear to the Court whether or not the underlying transaction is exempt under section 226.23(f)(1) as a "residential mortgage transaction." Accordingly, the Court concludes that dismissal of plaintiff's TILA claim for rescission is appropriate.

**2.      Plaintiff's Real Estate Settlement Procedures Act Claim**

---

[4] Section 12 C.F.R. § 226.23(d)(3) provides that "[i]f the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5855 CAS (AJW) | Date | November 16, 2009 |
|---|---|---|---|
| Title | ROBERTO QUIROZ v. COUNTRYWIDE BANK, N.A.; ET AL. | | |

Plaintiff alleges that defendants violated RESPA's prohibition against "illegal kickbacks, fee-splitting, and referral fees." Compl. ¶¶ 84-86 (citing 12 U.S.C. § 2607(a)). Defendants contend that plaintiff's claim is barred by the one-year statute of limitations. Mot. at 12-13.

RESPA creates a private right of action to redress three types of wrongful acts: (1) payment of a kickbacks or unearned fees (12 U.S.C. § 2607); (2) requiring a buyer to use a title insurer selected by the seller (12 U.S.C. § 2608); and (3) failure by a loan servicer to give proper notice of a transfer of servicing rights (12 U.S.C. § 2605). 12 U.S.C. § 2614. A RESPA claim must be brought "within 3 years in the case of a violation of section 2605" and within "1 year in the case of a violation of section 2607 or 2608." Id.

As to plaintiff's allegations that defendants violated section 2607, the Court finds that this claim is time barred. Applying the one year limitations period to the present claim, plaintiff was required to bring his RESPA action by October 24, 2007 to be within the limitations period and plaintiff filed the instant action on August 11, 2009.

Assuming that equitable tolling is available under RESPA, the Court finds that plaintiff has failed to plead specific facts demonstrating entitlement to equitable tolling.[5] Specifically, plaintiff has failed to plead any facts demonstrating that he could not have discovered the alleged RESPA violations by exercising due diligence. Cf. Brewer, 609 F. Supp. 2d at 1118 (finding plaintiff sufficiently plead "excusable delay" in filing RESPA claim because defendants allegedly concealed the details of the fraudulent transfer and the accompanying secret profit which gave rise to the RESPA claim).

For these reasons, the Court finds that dismissal of plaintiff's RESPA claim is

---

[5] While the Ninth Circuit has not decided whether the RESPA statute of limitations is jurisdictional, and thus whether equitable tolling or estoppel are available under RESPA, district courts in this circuit have held that tolling is available. See Brewer v. IndyMac Bank, 609 F. Supp.2d 1104, 1118 (E.D. Cal. 2009); Yulaeva v. Greenpoint Mortg. Funding, Inc., No.09-1504, 2009 WL 2880393, *14(E.D. Ca. Sept. 3, 2009);Kay v. Wells Fargo & Co., N.A., No. 07-01351, 2007 WL 2141292 (N.D. Cal. July 24, 2007). In Brewer, the Court held that the King v. Cal., 784 F.2d 910, 915 (9th Cir. 1986), test for equitable tolling under TILA also governed equitable tolling under RESPA. 609 F. Supp.2d. at 1118.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5855 CAS (AJW) | Date | November 16, 2009 |
|---|---|---|---|
| Title | ROBERTO QUIROZ v. COUNTRYWIDE BANK, N.A.; ET AL. | | |

appropriate.

### 3. Plaintiff's Claims for Quiet Title and Declaratory Relief

Plaintiff voluntarily dismisses his third and fourth claims for relief. Opp'n at 2.

### 4. Defendants' Request to Expunge the Lis Pendens

Defendants contend that the lis pendens should be expunged because the complaint fails to state a claim for relief. Mot. at 14.

A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title to or right to possession of the real property described in the notice. Kirkeby v. Superior Cout, 33 Cal. 4th 642 (2004) (quoting Urez Corp. v. Superior Court, 190 Cal. App. 3d 1141, 1144 (1987)). At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice. Cal. Code Civ. Proc. § 405.30. Further, the "court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Id. § 405.32.

Because the Court grants plaintiff leave to amend, it is premature to expunge the lis pendens. Accordingly, the Court denies defendants' request to expunge the lis pendens without prejudice.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss plaintiff's complaint in its entirety with leave to amend. Plaintiff shall file an amended complaint curing the defects noted herein within thirty (30) days after the filing of this order. In the event that plaintiff does not amend his complaint within thirty (30) days, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5855 CAS (AJW) | Date | November 16, 2009 |
|---|---|---|---|
| Title | ROBERTO QUIROZ v. COUNTRYWIDE BANK, N.A.; ET AL. | | |

00 : 01

Initials of Preparer    CMJ